# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1858V

|  |  |
|---|---|
| GABRIEL FLORES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 20, 2025 |

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 15, 2020, Gabriel Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA") - as a result of his receipt of the flu vaccine on September 27, 2019. Petition at 1. On May 24, 2023, I issued a ruling finding Petitioner entitled to compensation, following briefing by the parties. ECF No. 38. Approximately 20 months later, on January 24, 2025, I issued a decision awarding damages, following briefing and Expedited Motions Day argument by the parties. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,289.60 (representing $29,777.50 for attorney's fees and $512.10 in attorney's costs). Petitioner's Application for Attorneys' Fees, filed Apr. 22, 2025, ECF No. 56. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on April 24, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 57. Petitioner has not filed a reply.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding entitlement and damages. *See* Petitioner's Motion for Ruling on the Record and Memorandum in Support ("Motion"), filed June 24, 2022, ECF No. 30; Petitioner's Reply in Support of his Motion for Ruling on the Record and Damages Award, filed Sept. 6, 2022, ECF No. 36; Petitioner's Reply in Support of his Motion for Ruling on the Record on Damages, filed Sept. 8, 2023, ECF No. 44; Petitioner's Minute Entry, dated Jan. 24, 2025 (for January 24, 2025 expedited hearing). Petitioner's counsel expended approximately 11.0 hours drafting the entitlement and damages brief, 3.4 hours drafting the responsive entitlement and damages brief, and 4.0 hours drafting a supplemental damages brief, for a combined total of 18.4 hours. ECF No. 56 at 9-10, 23. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 56 at 29-47. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 57. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$30,289.60 (representing $29,777.50 for attorney's fees and $512.10 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of

Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.